# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO GONZALES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Respondents. | 1:10-cv-01436-JLT HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO VOLUNTARILY DISMISS PETITION<br>(Doc. 14)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 20, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 7). On December 10, 2010, Respondent filed his written consent to the jurisdiction of the United States Magistrate Judge. (Doc. 13).

The instant federal petition for writ of habeas corpus was filed on July 30, 2010 in the Sacramento Division of this Court. (Doc. 1). On August10, 2010, the case was transferred to the Fresno Division. (Doc. 4). On November 29, 2010, the Court ordered Respondent to file a

response to the petition. (Doc. 9). However, before Respondent's response was due, Petitioner, on January 5, 2011, filed the instant Notice of Voluntary Dismissal. (Doc. 14). On January 19, 2011, Respondent filed a Statement of Non-Opposition to Petitioner's Notice of Voluntary Dismissal. (Doc. 15).

## DISCUSSION

Subject to other provisions of law, a petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the Court and upon such terms and conditions as the court deems proper. Id. Here, no answer has been served or filed, and thus, no leave of Court is required for dismissal. Additionally, the Court notes that Respondent has indicated his non-opposition to Petitioner's request for dismissal. Accordingly, the Court will grant Petitioner's request for dismissal.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>    (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS ORDERED as follows:

1. Petitioner's motion for voluntary dismissal (Doc. 14), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED without prejudice;

3. The Clerk of the Court is DIRECTED to close this action because this order terminates the proceedings in its entirety; and,

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **February 18, 2011**                              /s/ **Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE